IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DERRICK M. ALLEN, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:21CV147 |
| | ) |
| DURHAM COUNTY DETENTION | ) |
| FACILITY, et al., | ) |
| | ) |
| Defendant(s). | ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a former pretrial detainee in Durham County, North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Some of Plaintiff's claims are not sufficiently clear at this point and significant issues exist with other claims. Plaintiff seeks to name the detention center where he was formerly housed as a Defendant despite the fact that it is a building and not a person as is required for it to be a proper Defendant under § 1983. Plaintiff also appears to name certain Defendants based on their status as supervisors despite the fact that theories of *respondeat superior* or supervisory liability do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 676-78 (2009). Finally, the Complaint alleges that Plaintiff missed a portion of a one hour walk on one occasion and that he was once denied a canteen request. As Plaintiff admits in his Complaint, these matters are "small potatoes." (Docket Entry 2, § IV(D).) The Constitution protects substantial rights and § 1983 guards against serious and intentional deprivations of those substantial rights. It does not cover every trivial slight or inconvenience suffered in detention. The Complaint does not set out facts making it clear why Plaintiff believes that the events described rose to the level of constitutional violations. Plaintiff also admits in the Complaint that he

suffered no injuries.  (Id. § V.)  Plaintiff must make his claims clear to the Court and to any potential Defendants and demonstrate some injury.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint.  To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.  The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 10th day of August, 2021.

                                              /s/ L. Patrick Auld
                                                 **L. Patrick Auld**
                                        **United States Magistrate Judge**